UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL R. GEORGE,

        Plaintiff,

   v.                                  17-CV-1199
                                        Decision &amp; Order

COMMISIONER OF SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____


On November 20, 2017, the plaintiff, Michael Raymond George, brought this

action under the Social Security Act ("the Act").  He seeks review of the determination

by the Commissioner of Social Security ("Commissioner") that he was not disabled.

Docket Item 1.  On July 24, 2018, George moved for judgment on the pleadings, Docket

Item 14, and on October 18, 2018, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 20.  The time for George to reply now has

expired.

For the reasons stated below, this Court grants George's motion in part, denies

George's motion in part, and denies the Commissioner's cross-motion.


## BACKGROUND

## I.  PROCEDURAL HISTORY

On February 12, 2014, George applied for Supplemental Security Income

benefits ("SSI").  Docket Item 7 at 18.  He claimed that he had been disabled since

March 31, 1995, due to chronic back pain from an accident and previous surgery. *Id.* at 47.

On March 24, 2014, George received notice that his application was denied because he was not disabled under the Act. *Id.* at 137. He requested a hearing before an administrative law judge ("ALJ"), *id.* at 110, which was held on June 23, 2016, *id.* at 18. The ALJ issued a decision on July 8, 2016, confirming the finding that George was not disabled. *Id.* at 26. George appealed the ALJ's decision, but his appeal was denied, and the decision then became final. *Id.* at 4. On November 20, 2017, George filed this action, asking this Court to review the ALJ's decision. Docket Item 1.

## II.    RELEVANT MEDICAL EVIDENCE

The following summarizes the medical evidence most relevant to George's arguments here. George was examined by several different providers, but only four— Harnath Clerk, M.D., Abrar Siddiqui, M.D., David Bagnall, M.D., and Christopher Hamill, M.D.—are most significant to his claim that the ALJ erred.

### A.    Harnath Clerk, M.D.

Harnath Clerk, M.D., was George's most recent primary treating source. Docket Item 7 at 23. Dr. Clerk saw George for persistent complaints of pain and prescribed medication several times between 2014 and 2016. *Id.* at 193-98, 234-40. Notably, Dr. Clerk observed in his treatment notes that George limps, writing that he "ambulates with slight antalgic gait favoring right leg." *Id.* at 194.

### B.    Abrar Siddiqui, M.D.

Abrar Siddiqui, M.D., an internist, saw George on May 2, 2014, for a consultative medical examination.  *Id.* at 207.  Dr. Siddiqui opined that George had several musculoskeletal limitations, but he did not note an antalgic gait.  *Id.* at 210.

### C.    David Bagnall, M.D.

George saw David Bagnall, M.D., a spine and musculoskeletal medicine specialist, on July 28, 2015.  *Id.* at 218.  During his physical examination of George, Dr. Bagnall noted "decreased weight-bearing on the right lower limb and he has an antalgic gait on the right."  *Id.*  at 219.

### D.    Christopher Hamill, M.D.

Christopher Hamill, M.D., saw George on December 28, 2015, for an MRI.  *Id.* at 222.  In his report to Dr. Clerk, Dr. Hamill noted that George "walk[s] with a limp on the right hand side."  *Id.* at 226.

## III.    THE ALJ'S DECISION

In denying George's application, the ALJ evaluated George's claim under the Social Security Administration's five-step evaluation process for disability determinations.  *See* 20 C.F.R. § 404.1520.  At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two.  § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments.  § 404.1520(a)(4)(ii).  If there are no severe impairments, the claimant is

not disabled.  *Id.*  If there are any severe impairments, the ALJ proceeds to step three.
§ 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations.  § 404.1520(a)(4)(iii).  If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled.  *Id.*  But if the ALJ finds that none of the severe impairments meet any of the regulations, the ALJ proceeds to step four.  § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC").  *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e).  The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy.  *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four.  20 C.F.R. § 404.1520(e).  If a claimant can perform past relevant work, he or she is not disabled and the analysis ends.  § 404.1520(f).  But if the claimant cannot, the ALJ proceeds to step five.  20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g).  More specifically, the Commissioner bears the burden of proving that a claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one, the ALJ found that George was not engaged in any substantial gainful activity. Docket item 7 at 20. At step two, the ALJ determined that George had the following severe impairments: lumbar disorder, cervical disorder, right shoulder disorder, and obesity. *Id.* At step three, the ALJ found that George did not have any impairment or any combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.* at 21.

At step four, the ALJ determined that George had the RFC to perform light work. *Id.* The ALJ found that George can only occasionally climb, balance, stoop, kneel, crouch, and reach overhead with his right arm, and that he cannot crawl, *id.*, but that these additional limitations had little or no effect on the occupational base of unskilled light work. *Id.* at 26. Finally, at step five, the ALJ determined that because George is capable of doing unskilled light work, he can perform jobs that exist in significant numbers in the national economy. *Id.*

## LEGAL STANDARDS

When evaluating a decision by the Commissioner, district courts have a narrow scope of review: they are to determine whether the Commissioner's conclusions are supported by substantial evidence in the record and whether the Commissioner applied the appropriate legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Indeed, a district court **must** accept the Commissioner's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d

108, 112 (2d Cir. 2009). In other words, a district court does not review a disability

determination de novo. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

## DISCUSSION

George objects to the ALJ's decision because it included a factual inaccuracy

that George says was material to the ALJ's determination. *Id.* at 5-6. George also

objects to the ALJ's weighing of the medical evidence and the absence of any

discussion of obesity. Because this Court finds that remand is required by the ALJ's

material factual inaccuracy, it does not address these latter two arguments.[1]

When determining a plaintiff's RFC, the ALJ must evaluate every medical opinion

in the record. 20 C.F.R. § 416.927(c). "[O]nly 'acceptable medical sources' can be

considered treating sources . . . whose medical opinions may be entitled to controlling

weight. 'Acceptable medical sources' are further defined (by regulation) as licensed

physicians, psychologists, optometrists, podiatrists, and qualified speech-language

pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R.

§ 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2009)).

In weighing the evidence, the ALJ must make specific findings and "conduct a

distinct analysis that would permit adequate review on appeal." *Aung Winn v. Colvin*,

541 Fed. Appx. 67, 70 (2d Cir. 2013) (quoting *Kohler v. Astrue*, 546 F.3d 260 (2d Cir.

2008)) (summary order). A misstatement of fact in the ALJ's decision is material when it

prevents the reviewing court from following the adjudicator's reasoning. *Compare*

---

[1] On remand, the ALJ's consideration of the proper evidence may well address
George's other objections.

*Boughton v. Astrue*, 2013 WL 209649, at *12 (W.D.N.Y. Jan. 17, 2013) ("[T]here is nothing in the record indicating whether plaintiff was a 'full-time' student or 'part-time' student. The ALJ, however, accurately recounted plaintiff's testimony as to the time she spent in school. Therefore, the ALJ made no material misstatements of fact.") *with Goss v. Astrue*, 2014 WL 888497, at *10 (M.D. Pa. Mar. 6, 2014) (ALJ's "error, which conflates daily and monthly pain medication use, is highly material when examined in the context of evaluating the credibility of the Plaintiff's reported symptoms of pain . . . and undermines confidence in the outcome.").  When an "ALJ's statement is unsupported and inaccurate," it may be "impossible for the Court to conduct a review for substantial evidence." *Bell v. Comm'r of Soc. Sec.*, 2016 WL 4473467, at *5 (M.D. Fla. Aug. 8, 2016).  Further, when an "ALJ's adverse credibility finding . . . [is] based on a misreading of the evidence, it [does] not comply with the ALJ's obligation to consider 'all of the relevant medical and other evidence.'" *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010) (quoting 20 C.F.R. § 404.1545(a)(3)).

Here, the ALJ made a material misstatement of fact that prevents a reviewing court from following the adjudicator's reasoning.  In summarizing the basis for his RFC determination and his reasons for discounting George's subjective complaints, the ALJ wrote, "[a]lthough Dr. Clerk noted a slight antalgic gait, Dr. Siddiqui and Dr. Bagnall did not document an antalgic gait."  Docket Item 7 at 25.  The representation about Dr. Bagnall plainly was incorrect: on July 28, 2015, Dr. Bagnall wrote that George exhibited "decreased weight-bearing on the right lower limb and *he has an antalgic gait on the right*."  *Id.* at 219 (emphasis added).  What is more, Dr. Hamill also noted that George

"walk[s] with a limp on the right side," *id.* at 226, something that the ALJ does not mention.

Whether treating physicians observed George limping apparently was important—and indeed material—to the ALJ's evaluation of George's claims of "chronic . . . low back injury and with sciatica running down [his] right leg." *Id.* at 35. In summarizing the objective evidence supporting his RFC assessment, the ALJ began by referring to George's "stable" clinical findings. *Id.* at 25. He noted that only Dr. Clerk saw a "slight antalgic gait," observing that neither Dr. Bagnall nor Dr. Siddiqui documented "an antalgic gait." *Id.* The ALJ referred to George's "generally good gait," then finding that "[t]reatment notes in the record do not sustain the claimant's allegations of disabling limitations." *Id.* Under the circumstances, there is good reason to conclude that the ALJ's determination was indeed affected by this misstatement of the record.

What is more, the ALJ apparently discounted George's subjective complaints based on the same misreading of the record. In this regard, the "ALJ's credibility findings 'must be set forth with sufficient specificity to permit intelligible plenary review of the record.'" *Bowen v. Berryhill*, 2017 WL 1159729, at *3 (W.D.N.Y. Mar. 29, 2017) (quoting *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014)). Here, the ALJ assigned some weight to the opinion of Dr. Siddiqui—a consultant who did not note an antalgic gait—and then apparently discredited George's subjective complaints despite objective medical evidence supporting those complaints from Drs. Clerk, Bagnall, and Hamill—all treating physicians. In doing so, the ALJ explicitly misrepresented Dr. Bagnall's findings and ignored Dr. Hamill's. That misstatement and omission about

8

George's antalgic gait—together with the absence of any explanation for crediting Dr. Siddiqui and not those other physicians—preclude any reasoned basis for the ALJ's RFC determination.  For that reason, remand is required.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 20, is DENIED, and George's motion for judgment on the pleadings, Docket Item 14, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:     February 11, 2019
           Buffalo, New York


_s/ Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE